UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-15-RJC-DCK

| BSN MEDICAL, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| PARKER MEDICAL ASSOCIATES and | ) | |
| A. BRUCE PARKER, | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendants' motion for summary judgment (Doc. No. 50) filed March 22, 2010, directed at the plaintiff's First Amended Complaint (Doc. No. 15); and the plaintiff's Second Amended Complaint (Doc. No. 63) filed April 14, 2010.

**I. BACKGROUND**

The plaintiff filed this lawsuit for copyright infringement against the defendants in January of 2009, asserting a claim for copyright infringement and four additional claims under state law. (Doc. No. 1). On April 24, 2009, the plaintiff filed its First Amended Complaint with the Court's leave, reasserting the five original claims and adding a claim for false advertising under the Lanham Act and a claim for tortious interference. (Doc. No. 15). The Court issued a Pretrial Order and Case Management Plan (Doc. No. 16), and the parties commenced discovery.

Then, on February 24, 2010, the plaintiff filed a motion for leave to file a Second Amended Complaint, seeking to add an eighth claim for fraud, the basis for this new claim becoming apparent during the discovery process. (Doc. No. 37). While the plaintiff's motion to amend was pending, the defendants filed a motion for summary judgment on the claims asserted in the plaintiff's First Amended Complaint. (Doc. No. 50). Subsequently, with the Court's leave, the plaintiff filed its Second Amended Complaint, which includes the new fraud claim, on April 14, 2010. (Doc. No. 63).

Notwithstanding the fact that the First Amended Complaint was superseded and no longer current, the parties continued to brief the defendants' motion for summary judgment. Finally, on May 3, 2010, the defendants filed an answer to the Second Amended Complaint and asserted new counterclaims for false advertising under the Lanham Act and unfair and deceptive trade practices. (Doc. No. 71).

## II. DISCUSSION

It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D.Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

The necessity of this rule is well evidenced by the circumstances present here. The plaintiff's current complaint adds a claim for fraud that is not addressed in the defendants' motion for summary judgment. Moreover, the defendants' answer to the current complaint adds new affirmative defenses to the plaintiff's pre-existing claims, and two new counterclaims against the plaintiff. Additional discovery has been granted in light of these new claims and defenses. Thus, the filing of the plaintiff's Second Amended Complaint renders the defendants' pending motion for summary judgment moot.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendants Parker Medical Associates' and A. Bruce Parker's motion for summary judgment (Doc. No. 50) is **DENIED** as moot.

Signed: June 2, 2010

Robert J. Conrad, Jr.
Chief United States District Judge