# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-15-RJC-DCK

| | |
|---|---|
| BSN MEDICAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PARKER MEDICAL ASSOCIATES, ) | |
| LLC, and A. BRUCE PARKER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Reconsider Order Denying In Part Motion To Compel" (Document No. 147). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the motion and the record, the motion will be denied.

Plaintiff's motion specifically requests the Court to reconsider its "Order" (Document No. 146) denying Plaintiff's motion to compel as to Plaintiff's Request for Production No. 9. The Request and Response subject to the motion to compel, and the pending motion, state:

> 9. Any and all documents that constitute, evidence, comprise, describe, relate, or refer to the process used by Parker Medical Associates, LP to manufacture the Parker Athletic Products.
>
> **RESPONSE**: Parker and Parker Medical object to this request on the grounds that it concerns Parker Athletic Products, which are not sold in competition with any products sold by Plaintiff and are not otherwise at issue in this litigation. Defendants further object to this request because it requires Defendants to produce "any and all documents" that "relate[] or refer" to "the process used by Parker Medical Associates, LP to manufacture the Parker Athletic Products", which could be construed to encompass any and all documents having anything to do with the Parker Athletic Products themselves. Therefore, the request: (a) does not describe with reasonable particularity the category of documents for which

inspection is sought as required by Rule 34 of the Federal Rules of Civil Procedure; (b) is overly broad and unduly burdensome; and (c) seeks information that is not relevant to any party's claim or defense and, therefore, is beyond the scope of discovery of Rule 26(b) of the Federal Rules of Civil Procedure. Defendants further object to this request to the extent that it seeks documents and information which are protected by the attorney-client privilege and/or work product doctrine.

(Document No. 122-2, p.14).

The undersigned's previous Order declined to compel further action by Defendants pursuant to Request for Production No. 9, referencing the analysis used to deny the motion to compel as to Request for Production No. 8. (Document No. 146, p.8). The analysis referred to involved the following statement:

> Under the circumstances, the undersigned agrees with Defendants that the production sought here is, at a minimum, overly broad and unduly burdensome. It is not alleged that Parker Athletic is liable for the threatened or actual misappropriation of trade secrets described in Count II of the "Second Amended Complaint" (Document No. 63). It is the undersigned's view at this point that Plaintiff has not provided adequate support for requiring the production of the documents and information requested relating to Parker Athletics manufacturing process. The Court expresses no opinion as to whether it might compel a response to a similar but narrower request, but will decline to compel further action at this time.

(Document No. 146, p.7).

Although the undersigned understands the basis for the instant motion, and recognizes that Request for Production No. 9 references the process used by Parker Medical Associates, LP, rather than that used by Parker Athletic Products, LLC, the previous Order will stand. After review, the undersigned will again decline to compel further action by Defendants as to Plaintiff's Requests for production of documents "that constitute, evidence, comprise, describe, relate, or refer to the process used" to manufacture Parker Athletic Products, for the reasons stated in the previous "Order"

2

(Document No. 146).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Reconsider Order Denying In Part Motion To Compel" (Document No. 147) is **DENIED**.

Signed: March 7, 2011

David C. Keesler
United States Magistrate Judge