**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:09cv15**

| | | |
|---|---|---|
| **BSN MEDICAL, INC.,** <br><br> **Plaintiff,** <br><br> **Vs.** <br><br> **PARKER MEDICAL ASSOCIATES, LLC; and A. BRUCE PARKER,** <br><br> **Defendants.** | ) | **ORDER OVERRULING OBJECTIONS** |

**THIS MATTER** is before the court on defendants "Objections to the Memorandum Order and Recommendation of the United States Magistrate Judge" ("Objections") (#134). In relevant part, Honorable David C. Keesler, United States Magistrate Judge, in his Memorandum and Order and Recommendation (#128) recommended granting in part and denying in part defendants' Motion to Dismiss or, In the Alternative, to Exclude Thad Adams and Provide Other Relief (#95). Defendants object to Judge Keesler's recommended resolution of their motion.

After meticulous review of the facts underlying the defendants' motion, applicable law, and ethical rules implicated by defendants' motion, Judge Keesler recommended that: (1) defendants' Motion to Dismiss be denied "primarily on the limited evidence of 'blameworthiness' against the client, and the availability of other sanctions," M&R, at 22; (2) that Mr. Adams, who "should not have accepted employment in this matter" by plaintiff because "areas of Mr. Adams' counsel to Parker Medical in 1996 are now subject to claims brought against Defendants by

BSN," id., at 21 &23, should be disqualified from representing plaintiff in this matter due to ethical concerns, id., at 23; (3) defendants' request for access to acquisition-related files related to negotiations and that were created in relation to the APA appeared to be moot, but to the extent such request remained outstanding, that such access be directed by this court, id.; (4) the alternative relief of precluding BSN from calling Mr. Adams as a witness, offering evidence from Mr. Adams, or using Mr. Adams' acquisition-related files in this case in any manner be denied as premature, as what evidence should be admitted is best left to the presiding judge, id., at 24; (5) defendants' request that the court now find that

> (a) Smith & Nephew Casting had constructive knowledge of everything in Thad Adams' files as of August 30, 1996, and that
>
> (b) BSN had constructive knowledge of everything in the files since it purchased the assets of the splinting business from Smith & Nephew,"

be denied at this time because a decision on the extent of "constructive knowledge" is at this point premature, and is best left to the presiding judge, id.; and (6) defendants' request for attorneys fees be denied at this point, but that the court reserve the right to consider such issue at a later time. Id.

In response to the Memorandum, Order and Recommendation, the following pleadings have been filed: defendants' Objections (#134); plaintiff's Response Brief to Defendants' Objections (#137); plaintiff's Supplement to Response to

Objections (#139); and defendants' Reply Regarding Timeliness of Filing (#140).

## FINDINGS AND CONCLUSIONS

### I. Applicable Standard

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Judge Keesler's M&R.

### II. Discussion

#### A. No Objections to Procedural Background or Factual Background

Review of the objections reveals no dispute as to Judge Keesler's recitation of the procedural background or his summary of the facts underlying the motions at issue. After careful review of such portions of Judge Keesler's opinion, the

court fully adopts those determinations as its own.

### B. Defendants' Motion to Dismiss or, In the Alternative, to Exclude Thad Adams and Provide Other Relief

#### 1. Timeliness of the Objections

Defendants filed their Objections to the Judge Keesler's M&R on December 6, 2010, which plaintiff contends was an untimely filing based on the instructions contained in the M&R.[1] Judge Keesler's November 17, 2010, M&R provided, as follows:

> **VI. NOTICE OF APPEAL RIGHTS**
>
> The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. *Diamond v. Colonial Life*, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. *Diamond*, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Snyder v. Ridenhour*, 889 F.2d 1363, 1365 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

M&R, at 25. In arguing that the objections were not timely filed, plaintiff points to December 1, 2010, as the deadline under Judge Keesler's Order.

Judge Keesler's Order must, however, be read in context with the applicable rules. Rule 6(a), Federal Rules of Civil Procedure, provides that "[t]he following

[1] Plaintiffs have withdrawn their argument that the Objections are untimely in favor of a merits determination, but have not conceded the point. As the issue is likely to again arise, the court will address the substance of the argument.

rules apply in computing any time period specified in these rules, in any local rule or **court order** . . . ." Fed.R.Civ.P. 6(a)(emphasis added). Rule 6(d) goes on to provide that

> [w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), **3 days are added** after the period would otherwise expire under Rule 6(a).

Fed.R.Civ.P. 6(a)&(d)(emphasis added). In turn, Rule 5(b)(2)(E) provides for service of orders by electronic means, such as ECF. Fed.R.Civ.P. 5(b)(2)(E).

Here, the time set for response (which was fully consistent with the time specified in Rule 72(b)(2)) was contained in a "court order," Rule 6(a), service was made by electronic means via ECF, Rule 5(b)(2)(E), and the parties were, therefore, entitled to add three days after the period would otherwise expire, Rule 6(d), making the period expire on December 4, 2010. Inasmuch as that day was a Saturday, Rule 6(a)(1)(C) directs that "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," making Monday, December 6, 2010, the deadline for filing objections.

Defendants' Objections, filed December 6, 2010, were timely and plaintiff's exception to the defendants' Objections based on timeliness is overruled. Finally, the court notes that the parties may rely on the deadline set by ECF as it is very accurate and this court will not disallow a pleading filed within the time specified by ECF.

    **2.    Defendants' Objections**

After reading and considering the recommendations of Judge Keesler, the court has carefully considered defendants' well-argued Objections, which are as follows:

> Objection No. 1 – The Magistrate Judge Incorrectly Recommended That Any Violations of the Duties Owed Defendants Pursuant to Rules 1.6 and Rule 1.9 Do Not Require Dismissal of the Lawsuit and that Dismissal of This Action Should Be Denied.
>
> Objection No. 2 – The Magistrate Judge Incorrectly Found That it Would be Premature at this Point to Preclude BSN from calling Thad Adams as a Witness, Offering Evidence from Thad Adams or Using Thad Adams' Acquisition-Related Files in this Case in any Manner.
>
> Objection No. 3 – The Magistrate Judge Incorrectly Found That it Would be Premature at this Point to Make a Decision on the Extent of BSN's Constructive Knowledge of All the Contents of Thad Adams' Files.
>
> Objection No. 4 – The Magistrate Judge Incorrectly Declined to Recommend the Payment of Defendants' Attorney's Fees at this Point.

Id. The court will consider these objections in an order slightly different than presented, grouping Objections 2 through 4 together for consideration, then considering Objection 1.

**3. Objections 2-4**

In Objecting to Judge Keesler's recommendation, defendants do not take issue with Judge Keesler's core finding that Mr. Adams should be disqualified from representing plaintiff based on his previous representation of defendants on matters that are at issue in this case. Instead, defendants take issue with Judge Keesler's recommendation as to *how* this court should exercise its discretion in

dealing with Mr. Adams' apparent sharing of defendants' privileged files[2] with plaintiff and agreeing to represent plaintiff without receiving informed, written consent from defendants, which Judge Keesler determined was likely a transgression of Rule 1.9 of the North Carolina Rules of Professional Conduct. 27 N.C. Admin. Code 1.09(a).[3]

While defendants point to well reasoned decisions of other courts that imposed greater sanctions in similar situations, defendants have not shown how the recommended resolution is contrary to any law. More importantly, since the relief sought is discretionary, defendants have not shown how the recommended exercise of discretion would result in an abuse of discretion.

While plaintiff responsively argues that what defendants really seek is a quick victory through dismissal of the action without reaching the merits, the court has taken defendants' underlying motion and Objections at face value as this court firmly agrees that the sanctity of attorney-client relationship is fundamental to our system of justice. Where that relationship is breached, it is the duty of the court to impose limits that restore protections that would have otherwise been afforded the

---

2 The court takes note of plaintiff's statement concerning Judge Keesler's determination as to ownership of the disputed filed, which is contained in its response to the Objections: "While BSN does not agree with the Magistrate Judge's legal rulings regarding ownership of the files at issue, it has determined not to object to these rulings and therefore, unless the District Court determines the Magistrate Judge committed clear error, they are the law of the case." (#137, at p. 2, f.n. 1). As discussed herein, the court finds no error.

3 The court notes at this point that there is no evidence before the court which clearly indicates that Mr. Adams or plaintiff *intentionally* transgressed Rule 1.9. Indeed, it appears that Mr. Adams recognized his ethical obligation early on and set in motion a process for informed, written consent of defendants or *in camera* review by the court. While defendants suggest that such departure was the result of a concerted effort, as discussed infra, no proof of such intent is before the court.

client. While defendants are well within their rights to ask the court to impose the full panoply of sanctions against plaintiff, dismissal of an action with prejudice or prohibiting a potential witness from testifying as to relevant, non-privileged issues is punitive and should be reserved for intentional violations were no other sanctions would remediate the problem.

Returning to the Objections, each Objection raised by defendants is to the recommended exercise of discretion in deploying appropriate sanctions. The Court of Appeals for the Fourth Circuit has made clear the proper use of the inherent power of the court to dismiss a case or issue sanctions:

> Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers. . . . Because the inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary. . . . Under the inherent power, a court may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, assess attorney's fees, and dismiss actions. Since orders dismissing actions are the most severe, such orders must be entered with the greatest caution.
>
> ***
>
> Mindful of the strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction, a court must not only exercise its inherent power to dismiss with restraint, but it may do so only after considering several factors, which we have detailed under other circumstances. . . . Thus, before exercising the inherent power to dismiss a case, a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by

> punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

United States v. Shaffer Equipment Co., 11 F.3d 450, 461-62 (4th Cir. 1993)(citations omitted).

In this case, Judge Keesler applied current law and recommended a prudent, measured exercise of this court's discretion that is clearly based on the evidence then before the court. While his recommendation does not provide defendants with all the relief they seek, it anticipates that discovery may or may not reveal other evidence concerning the violation and properly rules very little out, other than outright dismissal. Judge Keesler properly recommends that much of the alternative relief sought should be considered by the presiding judge at a more appropriate time. The court is in full agreement with Judge Keesler's carefully tailored resolution concerning testimony by Mr. Adams as to non-privileged matters, which is "that the exclusion of any evidence is premature, and is a decision best left to the presiding trial judge." M&R, at 24.

Moreover, the court can find absolutely no fault with Judge Keesler's resolution of the alternative relief sought by defendants. Indeed, Judge Keesler's resolution is precisely the measured resolution required by current case law, which prefers reaching the merits of claims rather than procedural defaults. After review of the relevant portions of the record, the court fully adopts Judge Keesler's determination in its entirety as its own.

Defendants' Objections 2-4 will be overruled.

4. **Objection 1**

In Objection 1, defendants contend that Judge Keesler erred in recommending that their Motion to Dismiss be denied, arguing as follows:

> Specifically, Defendants object to the Magistrate Judge's recommendation that any violations of the duties owed Defendants pursuant to Rules 1.6 and Rule 1.9 do not require dismissal of the lawsuit and that dismissal of this action be denied.

Obj., at p.1. Defendants support such position by arguing that "such violations can only fairly be remedied by outright dismissal of this action with prejudice," id., at p. 3, and that

> because BSN made a **calculated decision** to obtain Defendants. sensitive, privileged files from Thad Adams with the knowledge that Defendants still claimed the files as their own. BSN also made the **calculated decision** to secure Thad Adams' legal advice in this case with knowledge of the conflict and knowing that it is substantially related to the Asset Purchase Agreement (the "APA") transaction in which he represented Parker Medical.
>
> In so doing, **BSN subverted** the judicial process by circumventing Defendants' attorney-client privilege to improperly obtain both legal advice and Defendants. confidential and privileged files from Defendants' former lawyer. Because BSN acted improperly in order to gain an improper advantage over Defendants in this litigation and the result of its actions cannot otherwise be undone, the Magistrate Judge's recommendation that dismissal of this action be denied should be rejected by the Court and the Court should order that BSN's claims be dismissed with prejudice.

Id. While defendants assert that plaintiffs made "calculated decisions" and that "BSN subverted" the judicial process to secure their files and the advice of their former counsel, defendants do not cite the court to the portion of the record that supports such assertions of fact. See L.Cv.R. 7.1(C). While the court has no doubt that defendants have a good-faith belief that such breach of the attorney-client

relationship was intentional, there simply is no evidence that supports such theory.

Judge Keesler properly recognized the distinction between intentional and unintentional violation of Rule 1.9. In ruling on defendants' motion to dismiss, Judge Keesler viewed such disputed fact in a light most favorable to the plaintiff as it was the party resisting dismissal, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and held

> it is possible to view these circumstances as involving several regrettable mistakes, rather than any calculated attempt to gain advantage.

M&R, at pp. 22-23. Indeed, this court's review of the facts supports such determination as it appears that Mr. Adams recognized early on his ethical obligation, making inadvertence as the cause of the later violation very plausible.

Because Judge Keesler's recommendation that dismissal be denied as an appropriate sanction is well supported and consistent with current law, and because this court has come to the same conclusion as Judge Keesler after consideration of the entire record as an appropriate and measured exercise of discretion, defendants' objection must be overruled.

* * *

The court notes the fine manner in which all counsel of record briefed the issues and the professional manner in which these difficult issues have herein been presented.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) defendants Objections to the Memorandum Order and Recommendation of the United States Magistrate Judge (#134) are **OVERRULED;**

(2) the Memorandum, Order, and Recommendation of Judge Keesler (#128) is **ADOPTED** in its entirety; and

(3) defendants' Motion To Dismiss Or, In The Alternative, To Exclude Thad Adams And Provide Other Relief (#95) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(a) the Motion to Dismiss is **DENIED**;

(b) Mr. Adams is excluded from further representation of plaintiff in this matter;

(c) to the extent defendants seek access to acquisition-related files related to negotiations and created during the APA, if all the files in this category have not been provided, such shall be provided to defendants within 14 days;

(c) all other alternative relief sought by defendants is **DENIED** without prejudice.

In addition to regular service of this Order to counsel of record, the Clerk of this Court is respectfully instructed to send a courtesy copy to Mr. Adams.

Signed: April 8, 2011

Max O. Cogburn Jr.
United States District Judge