# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:09cv15

| | |
|---|---|
| BSN MEDICAL, INC., | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| PARKER MEDICAL ASSOCIATES, LLC; and A. BRUCE PARKER, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's Motion to Stay and/or Extend Time to Respond to Defendants' Motion for Fees and Costs (#358). The court has also received and reviewed defendants' Response (#359) and plaintiff's Reply (#363).

While the court will extend the deadline for responding to defendants' Motion for Fees and Costs (#351), the court will not stay resolution of such motion pending either post-trial motions or appeal. Attributable mainly to the professionalism of counsel for both sides, the court firmly believes that post-trial motions or even an appeal will gain little traction and that the interests of judicial economy and finality suggest prompt resolution of the issue of attorneys fees under the Lanham Act. Retail Services, Inc. v. Freebies Publishing, 364 F.3d 535, 550 (4th Cir. 2004) (*quoting* People for the Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 370 (4th Cir. 2001)). See also Scotch Whisky Ass'n v. Majestic Distilling Co., 958 F.2d 594, 599 (4th Cir. 1992).

The court does, however, find that the bill of costs under Rule 54 – which is more administrative than the discretionary and legal inquiry under the Lanham Act – is better resolved by the Clerk of this Court as he is an expert in allowable costs. Thus, the court will require that defendants file a separate motion for costs (which is deemed timely as relating back to the original filing) directed to the attention of the Clerk of this Court, with the court retaining the request for attorneys fees.

Finally, the court is keenly aware of the costs involved in pursuing post-trial motions, attorneys fees, and appeal. While the costs are substantial for the parties, they also tax the limited resources of the court: simply printing the attachment for the fee petition took substantial time and two reams of paper. Although pursuing these avenues of relief is well within the rights of all parties, the court notes that similar issues in IP cases are typically resolved by the parties in the end. See Irwin Industrial Tool Company v. Worthington Cylinders Wisconsin, LLC, 3:08cv00291-MR (W.D.N.C. 2011) (Doc. Nos. 374 & 377). Rather than being locked in a Dickensian fog of Chancery as were the litigants in *Bleak House*, the court strongly encourages the parties to reach a global resolution of issues remaining between them.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Stay (#358) is **DENIED** and Motion to Extend Time to Respond (#358) is **GRANTED**, and plaintiff shall have until February 24, 2012, to respond to defendants' Motion for Fees (#358). Defendants shall file a separate Motion for Costs, *nunc pro tunc*, which will be resolved by the Clerk of this Court in accordance with the Local Civil Rules governing such proceeding.

Signed: February 4, 2012

Max O. Cogburn Jr.
United States District Judge