# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09cv15

| | |
|---|---|
| BSN MEDICAL, INC., | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| PARKER MEDICAL ASSOCIATES, LLC; and A. BRUCE PARKER, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for a New Trial and Alternative Motion to Extend Deadline Pending Creation of a Trial Transcript (#360). The alternative Motion to Extend Deadline Pending Creation of a Trial Transcript will be denied as the court throughly recalls the recent trial in this matter and a transcript would not aid the decision-making process. Defendants having timely filed their Response and a reply being unnecessary, the Court will now consider the request for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**Standard of Review**

Federal Rule of Civil Procedure 59 allows the Court to grant a new trial to any or all parties on any or all of the issues. Fed. R. Civ. P. 59(a); Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 511 F.2d 839, 845-46 (4th Cir. 1975). A new trial may be granted on the motion of a party, or *sua sponte* by the Court. Fed. R. Civ. P. 59(b), (d). Where the case was tried before a jury, a new trial shall be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[,]" such as: "(1) intervening changes in the law; (2) new evidence not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice." Fed. R. Civ. P. 59(a); Douglas v. McCarty, 87 F.App'x 299, 302 (4th Cir. 2003) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)).

A new trial may also be based upon the sufficiency of the evidence if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (quoting Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)). In reviewing a motion for a new trial pursuant to Rule 59(a), the court is permitted to weigh the evidence and consider the credibility of witnesses. Cline, 144 F.3d at 301 (citing Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir.1989)). Finally, the granting or denial of a motion for a new trial under Rule 59(a) "is a matter resting in the sound discretion of the trial judge." Wadsworth v. Clindon, 846 F.2d 265, 266 (4th Cir. 1988) (citing Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne, 386 F.2d 193 (4th Cir. 1967)).

### Discussion

The court has carefully read plaintiff's motion, supporting memorandum, and the attachments to the Twenty-Fourth Declaration of John Parke Davis. The court has also considered defendants' brief in opposition. Based on such review, the court has not found any intervening changes in the law, that there was any new evidence not available at trial, that a clear error of law needs to be corrected, or that a miscarriage of justice has occurred at any level. Further, the verdict rendered by the jury is not against the clear weight of the evidence or based upon evidence which is false and the enforcement of the jury's verdict will not result in a miscarriage of justice. Put another way, the court strongly believes that both sides received a fair trial and that the verdict reached by the jury as to all issues was sound and remains fully supported by the evidence presented. For the reasons more fully stated in defendants' Response, the motion will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for a New Trial and Alternative Motion to Extend Deadline Pending Creation of a Trial Transcript (#360) is **DENIED.**

Signed: February 24, 2012

Max O. Cogburn Jr.
United States District Judge